IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**JOSEPH FALCONE, individually and on behalf of similarly situated employees, and JASON EVERS, individually and on behalf of similarly situated employees,**

       **Plaintiffs,**

vs.                                                                   Case No.:

**TOP 1 PERCENT COACHING, LLC, a Florida limited liability company, and JUSTIN T. FOXX, individually.**

       **Defendants.**

_____/

## COLLECTIVE ACTION COMPLAINT

COME NOW the Plaintiffs, JOSEPH FALCONE, individually and on behalf of similarly situated employees ("Falcone") and JASON EVERS, individually and on behalf of similarly situated employees ("Evers"), and hereby sue the Defendants, TOP 1 PERCENT COACHING, LLC, a Florida limited liability company ("Top 1%") and JUSTIN T. FOXX ("Foxx") as follows:

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See, Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

2. This case implicates Top 1%, a business that sells wealth coaching and consulting services throughout the world.

3. Foxx is the managing member and CEO of Top 1%, and together, Foxx and Top 1% shall be referred to as "Defendants."

4. Defendants have a long-standing policy of misclassifying their employees as independent contractors.

5. Defendants required and/or permitted Plaintiffs to work as wealth coaches for up to and in excess of forty (40) hours per week but refused to compensate them at the applicable wage and overtime rate.

6. Defendants refused and/or failed to compensate Plaintiffs a wage, failed to pay Plaintiffs on a salary basis, and failed to pay Plaintiffs for overtime hours they worked for the three years leading up to this Complaint.

7. Defendants' conduct violates the FLSA, which requires non-exempt employees, such as Plaintiffs, to be compensated for the overtime hours they work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

8. Furthermore, Defendants' practice of failing to pay employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision. *See* 29 U.S.C. §§ 203, 206.

9. Plaintiffs bring a collective action to recover the unpaid wages owed to them and all other similarly situated employees who are current and former coaches for Defendants who worked for Defendants at any time during the three year period before this Complaint is filed in this action, up to the present ("FLSA Members").

10. These FLSA Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## SUBJECT MATTER JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

13. Venue is proper in the Middle District of Florida because a substantial portion of the events forming the basis of this suit occurred in this District as the Defendants' residence and principle place of business are located in this District in Lee County, Florida.

## PARTIES AND PERSONAL JURISDICTION

14. Falcone is an individual residing in Lee County, Florida.

15. Evers is an individual residing in Lee County, Florida.

16. The FLSA Members are any wealth coaches who worked for the Defendants during the past three years through a final judgment in this matter, and who filed a consent to join this collective action.

17. Top 1% is a domestic limited liability company doing business in Florida for the purpose of accumulating monetary profit and has its principle place of business in Lee County, Florida.

18. Foxx is an individual who is a resident of Lee County, Florida.

## ALLEGATIONS RELEVANT TO COUNTS I AND II FOR FLSA VIOLATIONS

19. Plaintiffs and FSLA Members are employees as defined by the FLSA.

20. Defendants have utilized contracts and other mechanisms by which to control the manner in which the Plaintiffs and FLSA Members perform their duties for the Defendants.

21. Defendants required the Plaintiffs and FLSA Members to coach only the Defendants' students, and also appointed certain students to each coach, thereby controlling which students the Plaintiffs and FLSA Members were permitted to coach.

22. Defendants prohibited the Plaintiffs and FLSA Members from coaching for other organizations.

23. Defendants controlled the manner in which the Plaintiffs and FLSA Members coached the Defendants' students.

24. Defendants controlled the materials the Plaintiffs and FLSA Members used to coach the Defendants' students.

25. Defendants controlled the time and place wherein the Plaintiffs and FLSA Members could coach the Defendants' students.

26. Defendants controlled when, where and how the Plaintiffs and FLSA Members interacted with the Defendants' students outside of their coaching sessions.

27. Defendants required the Plaintiffs and FLSA Members to consent to have their coaching sessions audio/video recorded to ensure the Plaintiffs and FLSA Members were complying with the Defendants' rules and requirements.

28. Defendants controlled how the Plaintiffs and FLSA Members behaved while working with the Defendants' students and while not working.

29. Defendants required the Plaintiffs and FLSA Members to travel to the Defendants' events in other parts of the nation and world.

30. Defendants required the Plaintiffs and FLSA Members to market and advertise the Defendants' merchandise to Defendants' current students and potential students.

31. Defendants controlled the fees the Plaintiffs and FLSA Members charged Defendants' students.

32. Defendants controlled the records the Plaintiffs and FLSA Members were to keep regarding coaching sessions performed.

33. The Plaintiffs and FLSA Members were and are an integral part of the Defendants' business.

34. Finally, Defendants control the money paid to the Plaintiffs and FLSA Members as the Defendants collect the fees paid by students for coaching sessions, and then pay to the Plaintiffs and FLSA Members a portion of the monies Defendants receive for the Coaching Sessions.

35. Defendants have improperly treated the Plaintiffs and FLSA Members as independent contractors when they should have paid them as employees.

36. While Defendants paid Plaintiffs and FSLA Members commissions on a 10-99 basis, they have failed to pay the Plaintiffs and FLSA Members a legal wage and overtime wages as employees, and have failed to properly withhold federal income taxes, and social security and FICA withholdings in violation of 29 U.S.C.§ 201 *et seq*.

37. As such, Plaintiffs and FLSA Members are not exempt employees per Section 13(a)(1) of the FLSA as they have not been paid on a salary basis.

38. In a FLSA case, the following elements must be met: "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

39. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id.* (citing *Brouwer,* 139 F.3d at 819). "We refer to this test as the 'economic reality' test." *Id.* (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id.*

40. As mentioned above, Defendants controlled all aspects of the services provided by the Plaintiffs and FLSA Members and also controlled the monies paid to the Collective Plaintiffs by determining the fees to be charged by the Plaintiffs and FLSA Members, collecting those fees, and then disbursing a portion of such fees back to the Plaintiffs and FLSA Members.

41. At all material times, the Plaintiffs and FLSA Members were individual employees pursuant to 29 USC § 206-207.

42. At all material times, Defendants have been employers within the meaning of § 3(d) of the FLSA.  29 U.S.C. § 203(d).

43. Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

44. The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id.*; *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984).

45. Foxx is the majority interest holder, managing member and CEO for Top 1% and is responsible for the day to day management of Top 1%, including the making of decisions of how to compensate and classify the Plaintiffs and FLSA Members.

46. Foxx is involved in the day-to-day business operation of Top 1%.

47. Defendants have responsibility for the supervision of the Plaintiffs and FLSA Members.

48. Foxx is responsible for decisions related to the compensation or lack thereof paid to Falcone, Evers and the Plaintiffs and FLSA Members.

49. Foxx has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

50. Foxx controls the nature, pay structure, and employment relationship of the Plaintiffs and FLSA Members.

51. As such, Top 1% and Foxx are the employers of the Plaintiffs and FLSA Members within the meaning of § 3(d) of the FLSA, and are jointly and severally liable for all damages.

52. "To qualify for enterprise coverage, Defendants must 'ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced

for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.'" *Id*. (citing 29 U.S.C. § 203(s)(1)(A)(i) and (ii)). "The phase 'engaged in commerce' is interpreted broadly and liberally." *Id*. (citing *Alonso v. Garcia*, 147 Fed. Appx. 815, 816 (11th Cir. 2005)).

53. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

54. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

55. Specifically, Defendants' employees have sold coaching and consulting services that have been moved or sold in interstate commerce to Defendants' patrons. Additionally, Defendants' employees, including the Plaintiffs and FLSA Members, have provided services and handled materials that have been moved or produced in interstate commerce and were used in the course of Defendants' business operations.

56. Defendants advertise on the internet, and through pod casts that are broadcast worldwide, process credit cards from out of state patrons, communicate via mail, email, and telephone with patrons outside of the state of Florida, and sell their merchandise and services across state lines and in other countries.

57. Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

58. The Plaintiffs and FLSA Members are not exempt from the overtime and minimum wage requirements under the FLSA.

59. Defendants' decision to treat the Plaintiffs and FLSA Members as independent contractors as opposed to employees was willful and not based upon a good faith basis that such decisions were in compliance with the FLSA, therefore the Plaintiffs and FLSA Members are seeking liquidated damages required by the FLSA.

60. The Plaintiffs and FLSA Members have retained undersigned counsel to prosecute these claims and seek reimbursement for same pursuant to the FLSA.

## **COUNT I: VIOLATION OF 29 U.S.C. § 206**

61. The Plaintiffs and FLSA Members re-allege and re-aver the allegations in paragraphs 1 through 60 as if fully set forth herein.

62. Defendants failed to compensate Falcone, Evers, and the FLSA Members for work they performed during the last three years in violation of 29 U.S.C. § 206.

63. The violation by Defendants has resulted in damages to Falcone, Evers, and the FLSA Members.

WHEREFORE, Falcone, Evers and the FLSA Members seek the following relief:

  a. Designation of this action as a collective action on behalf of the Plaintiffs and FLSA Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

  b. Declaration, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

    c. Overtime compensation for all hours worked over forty in a workweek at the applicable rate of time-and-a-half;

    d. All unpaid wages and overtime compensation due under the FLSA;

    e. All liquidated damages due under the FLSA;

    f. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

    g. Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

### COUNT II: VIOLATION OF 29 U.S.C. § 207

64. Falcone, Evers and the FLSA Members re-allege and re-aver the allegations in paragraphs 1 through 60 as if fully set forth herein.

65. Defendants required Falcone, Evers and the FLSA Members to work more than forty (40) hours per week during the three years prior to the filing of this Complaint, and did not compensate them at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek as required by 29 U.S.C. § 207.

66. Such failure to pay overtime wages is a violation of 29 U.S.C. § 207.

67. The violation by Defendants has resulted in damages to Falcone, Evers and the FLSA Members.

WHEREFORE, Falcone, Evers and the FLSA Members seek the following relief:

    a. Designation of this action as a collective action on behalf of the Plaintiffs and FLSA Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action

      by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

  b. Declaration, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

  c. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

  d. All unpaid wages and overtime compensation due under the FLSA;

  e. All liquidated damages due under the FLSA;

  f. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

  g. Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

**COUNT III: (IN THE ALTERNATIVE) BREACH OF CONTRACT (FALCONE)**

68. Falcone re-alleges and re-avers allegations contained in paragraphs 1 through 60 as if fully incorporated herein.

69. This action is brought by Falcone as an alternative claim to Counts I and II.

70. Falcone entered into an oral agreement with Defendants wherein Falcone agreed to provide business consulting/coaching services for Defendants and Defendants agreed to compensate Falcone with a portion of the proceeds paid by the students to Defendants.

71. Falcone provided such coaching services as directed by Defendants and all conditions precedent to their agreement has occurred or been waived.

72. Defendants have failed to pay Falcone for the services provided and are in breach of the oral agreement.

73. Falcone has been damaged as a result of the breach by Defendants.

74. Falcone has retained the services of below-named counsel and has incurred reasonable attorney fees and costs in the prosecution of this claim to recover unpaid wages.

75. Falcone seeks damages and reimbursement of attorney fees pursuant to Fla. Stat. § 448.08.

WHEREFORE, Falcone demands a judgment against the Defendants for damage, reasonable attorney fees, costs and such other relief deemed just and equitable by this Court.

## COUNT IV: (IN THE ALTERNATIVE) BREACH OF CONTRACT (EVERS)

76. Evers re-alleges and re-avers the allegations in paragraphs 1 through 60 as if fully incorporated herein.

77. This action is brought by Evers as an alternative claim to Counts I and II.

78. Evers entered into an oral agreement with Defendants wherein Evers agreed to provide business consulting/coaching services for Defendants and Defendants agreed to compensate Evers with a portion of the proceeds paid by the students to Defendants.

79. Evers provided such coaching services as directed by Defendants and all conditions precedent to their agreement has occurred or been waived.

80. Defendants have failed to pay Evers for the services provided and are in breach of the oral agreement.

81. Evers has been damaged as a result of the breach by Defendants.

82. Evers has retained the services of below-named counsel and has incurred reasonable attorney fees and costs in the prosecution of this claim to recover unpaid wages.

83. Evers seeks damages and reimbursement of attorney fees pursuant to Fla. Stat. § 448.08.

WHEREFORE, Evers demands a judgment against the Defendants for damage, reasonable attorney fees, costs and such other relief deemed just and equitable by this Court.

### JURY DEMAND

Falcone and Evers and the FLSA Members demand to have a trial by jury on all issues wherein a jury trial is permitted.

/s/ Jack C. Morgan III
Jack C. Morgan III, Esq.
Florida Bar No. 0126527
jmorgan@floridalegalrights.com
lclement@floridalegalrights.com
kturner@floridalegalrights.com
**Aloia Roland Lubell & Morgan PLLC**
2254 First Street
Fort Myers, Florida 33901
Telephone:  239-791-7950
Facsimile:  239-791-7951

- and -

John B. Gallagher, Esquire
FL Bar No. 271225
2631 East Oakland Park Boulevard
Suite 201
Fort Lauderdale, Florida 33306
Tel: 954.524.1888
Fax: 954.524.1887
E-mail:  gal2701@aol.com